SCANNED

## UNITED STATES DISTRICT COURT

## FOR THE SECOND CIRCUIT

-----------------------------------------------------------X

WILLIAMS, SCOTT & ASSOCIATES LLC, et al.,

JOHN T WILLIAMS

Plaintiffs,

v.

UNITED STATES OF AMERICA

Defendant,

-----------------------------------------------------------X

# 19 CV 837

## COMPLAINT

FEDERAL TORT CLAIM 42 U.S.C. 1983, 1985

AND THE FOURTH, FIFTH, SIXTH, SEVENTH

EIGHTH AND FOURTEENTH AMENDMENTS

AND 18 U.S.C. 1001 & 18 U.S.C. 2

# PRO SE SUBMISSIONS

Pro Se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner. In addition, the court is required to read the pro se submission liberally and interpret it as raising the strongest arguments it suggest, United States v. Akinrosotu. The Supreme Court has held that pro se submissions need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the ... claim is and the grounds upon which it rest." Erickson v. Pardue. "A submission has facial plausibility when the litigant pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

## INTRODUCTION

1. This is an action for damages sustained by a citizen of the United States against federal officers of the court in there investigative roles. The federal government's officers unlawfully searched and seized property without a valid search warrant or probable cause, then unlawfully arresting and prosecuting the defendant and his companies Williams, Scott & Associates LLC et al., even when they knew the civil acts were not crimes. Similarly situated businesses had similar complaints but were treated differently only because of race and class. Preet Bharara (AG), Richard Zabel (FBI), Edith Ramirez (FTC) and Ruby Karjick (COC) and others as supervisory officers are responsible for the conduct of the defendants and for their failure to take corrective action with respect to federal personnel. Their vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement procedures to discourage lawless official conduct. The acts of all the defendants which are the subject of this lawsuit were undertaken in the regular course of their investigative duties. They are sued both individually and in their official capacity. Upon information and belief the defendants reside in New York and in Georgia.

## JURISDICTION

2. This is a civil action for damages brought pursuant to the United States Constitution and 42 U.S.C. 1983, 1985 and the Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments, 18 U.S.C. 1001,2. Jurisdiction is founded on 28 U.S.C. 1331, 1332 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this court to consider claims arising under federal law.

## PARTIES

3. Plaintiffs: John T Williams, Williams, Scott & Associates LLC, Legacy Payment System LLC, WSA LLC, Sterling, Ross & Associates LLC, Supreme Imports LLC, and WSA Williams Scott and Associates are all citizens and companies of the United States.

4. Preet Bharara (AG Supervisor), a Defendant, at all times material to this complaint acting alone or in concert with others, at all times relevant hereto, Preet Bharara was the duly appointed AG of the state of New York. As such he was responsible for the training, supervision and conduct of his men. He is sued in his official capacity.

5. George Venizelos (FBI Supervisor), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

6. Ricahrd Zabel (DAG Supervisor), a Defendant, at all times relevant to the incidents

which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

7. Nicole Friedlander (Supervisor AUSA), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in her official capacity.

8. Sam Olens (AG Supervisor), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

9. Sally Yates (AG Supervisor), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in her official capacity.

10. Richard Frankel (FBI Supervisor), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

11. James Comey (FBI Supervisor), a Defendant, at all times relevant to the incidents

which are the subject of this lawsuit were undertaken in the regular course of his

employment for the government. He is sued in his official capacity.

12. Darren Kible (FBI Supervisor), a Defendant, at all times relevant to the incidents

which are the subject of this lawsuit were undertaken in the regular course of his

employment for the government. He is sued in his official capacity.

13. Edith Ramirez (FTC Supervisor), a Defendant, at all times relevant to the incidents

which are the subject of this lawsuit were undertaken in the regular course of his

employment for the government. He is sued in her official capacity.

14. Valerie Verduse (FTC Supervisor),a Defendant, at all times relevant to the

incidents which are the subject of this lawsuit were undertaken in the regular

course of his employment for the government. He is sued in her official capacity.

15. Jessica Rich (FTC Supervisor), a Defendant, at all times relevant to the

incidents which are the subject of this lawsuit were undertaken in the regular

course of his employment for the government. He is sued in her official capacity.

16. Jonathan Nuechterlein (FTC Supervisor), a Defendant, at all times relevant to

the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

17. William Effren (FTC Supervisor), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

18. Deborah Marrone (FTC Supervisor), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in her official capacity.

19. Catherine Wolfe (Supervisor COC), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in her official capacity.

20. Ruby Karjick (Supervisor COC), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

21. James Hatten (Supervisor COC),  a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

22. Michael Fuqua (Receiver), a Defendant, at all times relevant to the incidents

which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

23. Jennifer D Odom attorney for Bryan Cave LLP, a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in her official capacity.

24. Danielle C Parrington attorney for Bryan Cave LLP, a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in her official capacity.

25. Michael S Lewis (FTC), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

26. Frank Franklin (UC), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

27. Robin Rock (FTC-AUSA), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his

employment for the government. He is sued in her official capacity.

28. Marcela Mateo (FTC-AUSA), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in her official capacity.

29. Jill Jefferies (Probation),  a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in her official capacity.

30. Joseph D Stites( FBI), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

31. Patrick Carrol (FBI), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

32. Kurt Dirker (FBI), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

33. Timothy Brody (FBI), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

34. Brian Comisky (FBI), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

35. Kevin Song (AUSA), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

36. Jonathan Cohen (AUSA), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

37. Benet Kearney (AUSA), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of her employment for the government. He is sued in her official capacity.

38. Richard Tarlowe (AUSA), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

39. Sarah Paul (AUSA), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of her employment for the government. He is sued in her official capacity.

40. Jennifer Gachiri (AUSA), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of her employment for the government. He is sued in her official capacity.

41. Daniel Tehrani (AUSA), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

42. Jeffrey A Brown (AUSA), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of his employment for the government. He is sued in his official capacity.

43. Laura D Pfister (AUSA), a Defendant, at all times relevant to the incidents which are the subject of this lawsuit were undertaken in the regular course of her employment for the government. He is sued in her official capacity.

# FACTUAL ALLEGATIONS

44. In the summer of 2012 the governor's process server and FBI agent Timothy Brody went by the plaintiff's house, the FBI was brandishing a firearm on his side in attempt to intimidate. They told the plaintiff that they had been by his office and heard through the door how his employees were talking to their customers.

45. The plaintiff explained that this matter was something to be handled by the civil courts, so if the customers wanted to sue they had every right to under the FDCPA. The plaintiff then told the FBI to leave his property, this incident started an illegal investigation into the plaintiff's personal life.

46. On May 28, 2014 at 6:00am the FBI raided the defendant's office Williams, Scott & Associates LLC using an unauthorized search warrant case no: 1:14-MC-500. Simultaneously on May 28, 2014 the FTC filed a Exparte Tempory Restraining order for the same businesses. This was meant to be confusing to the plaintiff.

47. The defendant's funds were immediately seized by the FTC on May 28, 2014 without warning crippling him from defending himself. The plaintiff was supposed to have 30 days to respond to the complaint from the FTC, however the appointed receiver Michael Fuqua and law firm Bryan Cave LLC  never gave the plaintiff a chance to respond to the complaint.

48. Defendant FBI conspired with the FTC to violate Mr. Williams's fourth, fifth, sixth, seventh, eighth, and fourteenth amendments by simultaneously attacking him causing confusion, illegally searching and seizing his property with a fake search warrant so he couldn't retain adequate counsel, then manufacturing a criminal and civil case against him.

49. Defendant FTC created and manipulated false documents in order to seize 25k from Mr. Williams Company WSA Williams, Scott & Associates LLC ein # 26-4663453, this company was not in the FTC's temporary restraining order. Mr. Williams's signature was also forged on the preliminary injunction on June 19, 2014. This is a violation of 18 U.S.C. 1001,2.

50. On November 6, 2014 defendant Supervisors had learned that Mr. Williams had exercised his constitutional and opened up a few new businesses. This caused defendant supervisors under color of law to intentionally, negligently and with complete and deliberate indifference for the plaintiffs rights, authorize an unconstitutional massacre of epic proportions ever witnessed by regular civilians

51. On November 18, 2014 defendant supervisors, Preet Bharara AG, Richard Frankel FBI, Edith Ramirez FTC and James Hatten Clerk of courts along with many others under the color of federal law had Mr. Williams violently arrested at 5:00am with a marshals knee in his back as if he were a slave, this was intentionally, negligently, and with complete and deliberate indifference to plaintiffs rights. This Caused plaintiff to be deprived of his constitutional rights including but not limited to the fourth, fifth, sixth, seventh, eight, and fourteenth

amendments.

52. After the aforementioned arrest of the plaintiff defendant AUSA, FBI, FTC and the COC maliciously and without reasonable or probable cause went before a federal judge duly authorized to administer oaths and charged Mr. Williams with one count of Conspiracy to commit wire fraud, without charging him with the substantive crime of "Wire Fraud"... violation of fraudulent document statute 18 U.S.C. 1001. Two copies of the December 1, 2014 indictment are in the plaintiffs discovery, one assigned to Judge Annalisa Torres and the other assigned to Judge Richard Sullivan one of many fraudulent heinous acts perpetrated by the defendants.

53. Defendant Preet Bharara, Richard Frankel, Edith Ramirez, and James Hatten along with others, had this case on National Worldwide News. Plaintiff was humiliated by these vicious propensities of the defendants and shipped to the AUSA's government detention center in the Southern District of New York, all while defendants acted or attempted to act in the governments interest thereupon causing restrictions on the plaintiffs liberty and causing embarrassment, humiliation, mental pain and suffering.

54. On December 10, 2014 Mr. Williams was arraigned and held on "CONSENT" without plaintiffs knowledge, due to the heinous acts of the government's agencies AUSA, FBI, FTC and COC, Mr. Williams remained falsely imprisoned away from his three daughters until the plaintiffs conviction on July 12, 2016, threw his

appeal he still remained a prisoner of the federal government, subjecting plaintiff to punishment without the benefit of adequate counsel in violation of his rights under the sixth and eighth amendments.

55. Defendant Supervisors, Preet Bharara, Richard Frankel, Edith Ramirez and Ruby Karjick along with others under the color of law, intentionally, negligently and with complete and deliberate indifference to plaintiffs rights, caused plaintiff to be deprived of his constitutional rights including but not limited to the fourth, fifth, sixth, seventh, eight, and fourteenth amendments, 18 U.S.C. 1001,2.

56. As of January 15, 2019 many of the defendants involved in this case have had quiet departures from there lifelong government careers, three judges have retired as well as all of the supervisors named in this lawsuit. There are so many constitutional violations against the plaintiff that it would be impossible to list them all, however the following list of heinous acts and conduct will detail most but not all.

57. Defendant AUSA, FTC, FBI and COC, under the color of federal law, intentionally, negligently, and with complete and deliberate indifference for plaintiff's rights, authorized and permitted, and tolerated the custom and practice of the unconstitutional and excessive use of tactics by members of the AUSA, FBI, FTC and COC. In particular by Defendant Supervisors by allowing:

56. The abuse to which plaintiff was subjected was consistent with an institutionalized practice of the second circuit, which was known to and ratified by defendants and the government, the defendants having at no time taken any effective action to prevent federal personal from continuing to engage in such misconduct.

57. Supervisor defendants had prior notice of the vicious propensities of the employees but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority. The failure to properly train employees and instruct them in applicable federal law is supervisor liability, failure to intervene, and respondeat superior.

58. On information and belief Supervisor defendants Preet Bharara, Richard Frankel, Edith Ramirez and Ruby Krajick along with others authorized, tolerated as institutionalized practices, and ratified the misconduct hereinbefore detailed by:

60. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, Conspiring together to manufacture a criminal case against Mr. Williams and his company for acts that were known to be a civil matter.

61. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, forged the Plaintiffs signature on the

preliminary injunction on June 19, 2014 thereby causing all assets to be seized and eventually default judgment of the civil case that left the plaintiff owing 3.9 million dollars.

62. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, deliberately shared seized discovery with the FBI whom fabricated there search warrant to trick the plaintiff into believing the FBI had a right to use the discovery in the criminal case.

63. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, blatantly froze several of plaintiff's companies' accounts improperly, also seizing company information from Supreme Imports LLC causing this car dealership of seven years to go out of business.

64. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, deliberately failed to serve the plaintiff correctly causing a default judgment of 3.9 million dollars and banishment from the collection industry.

65. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, violated the double jeopardy clause by punishing Mr. Williams twice; 3.9 million fine and banishment civilly, then 3.9 million fine  and 5 years imprisonment criminally.

66. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, did not follow proper procedures when they executed the first exparte temporary restraining order on May 27, 2014.

67. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, allowed there employees to put their names on a fraudulent documents; Application and Affidavit for search warrant and search warrant in case no; 14-MC-500.

68. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, never had a legitimate indictment, complaint, or arrest warrant or arrest under rule 40.

69. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, caused pain and suffering from (AVN), and mental pain and suffering from wrongful confinement, surgery will be needed for both hips, and plaintiff has been diagnosed with depression and PTSD.

70. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, allowed plaintiff to be detained then denied bail at every turn, only to be detained excessively in pretrial detention for eighteen months before he finally went to trial. Mr. Williams was offered a plea of time served several times by his attorneys, but he refused, none of the plaintiffs co-defendants ever spent a night in jail.

71. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, intentionally had plaintiff thrown in the SHU during the start of his trial for no reason, plaintiff later found out that this was another shock tactic used by the defendants.

72. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, conspired with the Brooklyn MDC, and FCI Marianna's mailroom to tamper and hinder the plaintiffs mail denying him access to the courts.

73. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, deliberately misclassifying plaintiff in order to send him to a violent FCI facility whereby endangering his life as a prisoner. Butner low was recommended by the judge because of plaintiffs medical condition, but he never made it there.

74. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, conspired with the clerk's office of the S.D.N.Y. to violate due process laws by altering and changing docket information.

75. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, allowed the sealing of appeal documents without proper procedure, also deliberately filing incorrect motion orders and docket entries.

76. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, knowingly and willingly changed docket information in attempt to fix the case against plaintiff.

77. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, allowed plaintiff to be extradited to the S.D.N.Y. without a proper warrant.

78. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, caused irreparable damage to all of the plaintiffs businesses listed in this compliant, inventory, office furniture, past present and future earnings.

79. Defendant Supervisors, Preet Bharara AG, George Venizelos FBI, Valerie Verduse FTC, and Catherine Wolfe COC, showed complete racism and prejudice against plaintiff by treating his company different from all the other companies that had the same allegations, the difference was made because plaintiff is black and of a different class, also reputational and stigmatizing statements that embarrassed and harmed the plaintiff personally and professionally. The case of

fake news reports destroyed the plaintiff's reputation forever.

## FEDERAL CAUSES OF ACTION

80. The allegations set forth in paragraphs 1 through 80 are incorporated

herein by reference:

81. The hereinabove described actions and omissions, engaged in under

color of federal law by the defendants are being sued in their official

capacity, because of its authorization, condonation, and ratification for the

acts of its agents, deprived the plaintiff of rights secured to him by the

constitution of the United States, including but not limited to, his fourth

amendment right from unlawful search and seizure, his fifth amendment

rights to due process a grand jury, and protection against double jeopardy,

sixth amendment rights to a speedy trial, seventh amendment right to a civil

trial, eighth amendment right against cruel and unusual punishment and the

fourteenth amendment, the right to life, liberty, or property, without due

process of law; nor deny to any person within its jurisdiction the equal

protection of the laws "Class of one".

82. The acts and conduct hereinbefore alleged constitute false arrest and imprisonment, malicious prosecution, loss of liberty, malicious abuse of process, denial of the right to a fair trial, failure to intervene/intercede, supervisory liability, respondeat superior, tangible property, stigma plus, reputational and business harm, intentional infliction of emotional distress, negligent infliction of emotional distress, IIED NIED, equal protection clause class of one, procedural due process and substantive due process violations, fourth, fifth, sixth, seventh, eighth and fourteenth amendment violations, fraud and false statements by the government in violation of 18 U.S.C. C1001,2. This court has pendent jurisdiction to hear and adjudicate these claims.

# COMPENSATORY DAMAGES

New York law (the common law tort of false imprisonment).Under both federal and state law, a person who is falsely arrested is entitled to compensation for (1) loss of liberty, and (2) physical and/or emotional pain and suffering caused by the false arrest. (Injuries caused by excessive force and malicious prosecution are compensated separately.) Importantly, a person who is falsely arrested is legally entitled to compensation for loss of liberty (to redress denial of free movement and harm to personal dignity), even if he or she does not experience any additional physical or emotional pain and suffering. See Kerman v. City of New York, 374 F.3d 93,123-126 (2d Cir. 2004); Gardner v. Federated Department Stores, Inc., 907 F.2d 1348, 1353 (2d Cir. 1990). Obviously, a person who suffers more harm, including physical and/or emotional injuries, would be entitled to more compensation than a person who suffers less harm, including only loss of liberty. Nevertheless, "even absent such other injuries, an award of several thousand dollars may be appropriate simply for several hours' loss of liberty." Kerman, supra, at 125-126.ALSO In Martinez v. Port Authority of New York and New Jersey, 445 F.3d 158, 160-161 (2d Cir. 2006) (per curiam), the Second Circuit

affirmed the lower court's ruling that $160,000 was reasonable compensation for approximately 19 hours in custody, or $8421 per hour. In Martinez v. Port Authority of New York and New Jersey, 445 F.3d 158, 160-161 (2d Cir. 2006) (per curiam), the Second Circuit affirmed the lower court's ruling that $160,000 was reasonable compensation for approximately 19 hours in custody, or $8421 per hour. Plaintiff was wrongly imprisoned for 48 months and still remains on probation for three years until this case is overturned.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally, against the United States of America:

A. Compensatory damages in the amount of 291,029.760.00 for each government agency involved in the conspiracy.
B. Damages for Williams, Scott & Associates LLC is roughly 77 Million a professional will have to adjust the number at a later date.
C. Damages for WSA,LLC is roughly 77 Million.
D. Damages for Supreme Imports LLC is roughly 25Million.
E. Damages for Sterling, Ross & Associates LP roughly 40 Million.
F. Damages for Legacy Payment Systems LLC is roughly 40 Million.
G. Mental and emotional distress will have to be determined by a professional at a later date.
H. Damages from money seized illegally from businesses without interest or future earnings 55,789.14.

DATE: January 15, 2019:
Jonesboro Ga:

John T Williams, Pro se Litigant

437 Kendrick Est Dr

Jonesboro, Ga 30238


Black Lives Matter Greater Atlanta Inc.

260 Peachtree St #22

Atlanta, Ga 30303

Legal Assistant Counselors

Maejor Page

Mary Hooks

Telephone: 1-888-964-1141

**JOHN T WILLIAMS**                                         **January 14, 2019**

**437 KENDRICK EST DR**

**JONESBORO, GA 30238**


**Dear Judge Edgardo Ramos:**


    Plaintiff, John Todd Williams currently on home detention brings his United States Tort Claim pro se under this court's jurisdiction founded on 28 U.S.C.1331, 1332. Mr. Williams addresses the chambers of Judge Edgardo Ramos because case no; 15-CV-9155 already resides in his courtroom. This case was stayed by this court until the defendants criminal case 14-CR-784 in final, the case is due to be heard by the Supreme Court February 4, 2019. Mr. Williams ask this court to allow him to proceed with this Tort claim *in forma pauperis* since the plaintiff already has a case pending with this court that was granted *in forma pauperis*.


**Respectfully,**

**John T Williams**



RECEIVED

JAN 1 8 2019

EDGARDO RAMOS
U.S. DISTRICT JUDGE
S.D.N.Y.

SDNY PRO SE OFFICE

--------------------------------------------------------------------------

2016 APR -5 AM 10: 22

FROM: 66425019
TO:
SUBJECT: Pro Se Intake
DATE: 03/31/2016 08:41:14 PM

# MEMO ENDORSED

Dear Pro Se Intake:

My name is John T Williams and I am the Plaintiff in the case no: 15 Civ. 9155 (ER). I'm writing you today to find out if there is a way I can be granted a continuance or something of that nature until I can find representation. I am not allowed to represent my company which is central in this case because I am Pro Se, also the criminal case is still pending but set for trial on June 29, 2016. The outcome of this criminal case will be pivotal, and could have allot of bearing on the civil. I was told that I could possibly have this case "SET ASIDE" or "DISMISSED WITHOUT PREJUDICE" so I could come back to it later, when my criminal case is over and I have an attorney. Can you please advise me of the options I have, Thank You for your help in this matter.

Respectfully,

John T Williams

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: __4/6/2016__

# MEMO ENDORSED

> The case is stayed pending conclusion of Plaintiff's criminal case.
> Plaintiff is directed to contact the Court, by letter, no later than one
> (1) week after the conclusion of his criminal case.
>
> SO ORDERED.
>
> Edgardo Ramos, U.S.D.J
> Dated: __4/6/2016__
> New York, New York



**U.S. Department of Justice**

Civil Division

JGT:GKJ:ASchlatter:as
157-16-60020

*Washington, D.C. 20530*

AUG − 2 2018

CERTIFIED MAIL −7014 2870 0000 7043 2723
RETURN RECEIPT REQUESTED

Mr. John Todd Williams
Reg. No. 66425-019
FCI Marianna
Federal Correctional Institution
P.O. Box 7007
Marianna, FL 32447

      Re:  <u>Reconsideration of the Denial of the Administrative Tort Claim of John Todd Williams</u>

Dear Mr. Williams:

      We have reviewed your request for reconsideration of the denial of the administrative tort claim you submitted to the U.S. Department of Justice on May 25, 2018, relative to the alleged acts or omissions of employees of the United States Attorney's Office for the Southern District of New York, the Federal Bureau of Investigation, the Administrative Office of the U.S. Courts, and the Federal Trade Commission occurring in July 2015.  After reconsideration, it has been determined that your claim is not compensable.  Accordingly, your claim must be and hereby is denied.

      I am required by law (28 C.F.R. §14.9(a)) to inform you that, if you are dissatisfied with the denial of your claim under the Federal Tort Claims Act, you may file suit in an appropriate United States District Court no later than six months after the date of mailing of this notification. 28 U.S.C. § 2401(b).

                             Very truly yours,

                             JAMES G. TOUHEY, JR.
                             Director, Torts Branch

cc:     Honorable Geoffrey S. Berman
        United States Attorney
        Southern District of New York

        Ms. Cecilia Bessee
        Acting Deputy General Counsel
        U.S. Department of Justice
        Federal Bureau of Investigation
        Office of the General Counsel
        Civil Litigation

        Ms. Mimi Crescenzi
        Paralegal Specialist
        Office of the General Counsel
        Administrative Office of the U.S. Courts

        Mr. Richard Gold
        Attorney
        Office of the General Counsel
        Federal Trade Commission