UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN T. WILLIAMS,

                    Plaintiff,

-against-

UNITED STATES OF AMERICA, *et al.*,

                    Defendants.

19-CV-837 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff John T. Williams, a Georgia resident, paid the fee for this *pro se* action, alleging that Defendants violated his constitutional rights. Some of Plaintiff's allegations arise out of his criminal proceedings that were held in this District.[1] *See United States v. Williams*, No.14-CR-784-2 (RJS) (S.D.N.Y. Dec. 14, 2016), *aff'd*, 16-4186-cr (2d Cir. July 9, 2018). On May 30, 2019, Plaintiff filed a motion for the return of property under Federal Rule of Criminal Procedure 41(g) (ECF No. 13.)

      Because Plaintiff's criminal action is closed, his motion for the return of property under Fed. R. Crim. P. 41(g) must be treated as a new civil action. *See Diaz v. United States,* 517 F.3d 608, 610 (2d Cir. 2008) ("A Rule 41(g) motion that is brought after the criminal proceeding is over is treated as [commencing] a civil equitable action."); *United States v. Giovanelli*, 998 F.2d 116, 118–19 (2d Cir. 1993) (holding that the district court where a defendant was tried has ancillary jurisdiction to decide a defendant's post-trial motion for the return of seized property).

      Courts in this Circuit have held that when a Rule 41(g) motion is construed as commencing a new civil action in equity, the plaintiff must either pay the filing fees associated

---

[1] Plaintiff was incarcerated when he filed this action, but he has since been released.

with filing a new complaint or seek leave to proceed *in forma pauperis*. *See, e.g., United States v. Sash*, 581 F. Supp. 2d 647, 648-49 (S.D.N.Y. 2008); *Ruotolo v. United States*, Nos. 94-CV-5962, 87-CR-0813, 2006 WL 1652597, at *2-3 (E.D.N.Y. June 14, 2006).

## CONCLUSION

The Clerk of Court is directed to open the motion for return of property as a new civil action, and docket the motion (ECF No. 13) and this order in the new case. The Court will issue a follow-up order directing Plaintiff to either pay the filing fee or seek leave to proceed *in forma pauperis.*

The Clerk of Court is also directed to mail a copy of this order to Plaintiff, and note service on the docket.

The Clerk of Court shall docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 14, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge