UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAMS, SCOTT & ASSOCIATES, LLC,
WSA WILLIAMS, SCOTT & ASSOCIATES;
WSA, LLC; SUPREME IMPORTS, LLC;
JOHN T. WILLIAMS,

                           Plaintiffs,

              -against-

UNITED STATES OF AMERICA, *et al.*,

                           Defendants.

19-CV-837 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff John T. Williams, a Georgia resident, paid the fee to bring this *pro se* action

alleging that Defendants violated his constitutional rights.[1] Also listed as Plaintiffs are Williams,

Scott & Associates, LLC; WSA Williams, Scott & Associates, LLC; WSA, LLC; and Supreme

Imports, LLC (the "business Plaintiffs"). This action arises out of a Federal Trade Commission

enforcement action in Georgia, and a criminal proceeding in this District. For the reasons set

forth below, the amended complaint is dismissed.

## STANDARD OF REVIEW

       The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants*

---

[1] Plaintiff was incarcerated when he filed this action, but he is now on supervised release.
On February 7, 2019, the Court dismissed the complaint without prejudice because Plaintiff was
barred under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C.
§ 1915(g), from filing any federal civil action *in forma pauperis* while a prisoner unless he is in
imminent danger of serious physical injury. *See Williams v. Bank United*, No. 1:17-CV-1386
(N.D. Ga. May 4, 2017), *report & recommendation adopted*, (N.D. Ga. May 30, 2017). Plaintiff
filed a notice of appeal on March 11, 2019, withdrew the appeal on March 27, 2019, and paid the
fee on April 2, 2019. On April 3, 2019, the Court reopened the case.

*Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon*

*Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

[claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir.

2006) (internal quotation marks and citations omitted) (emphasis in original).

    Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and

plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief

if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all

well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's

favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept

"[t]hreadbare recitals of the elements of a cause of action," which are essentially legal

conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions

from well-pleaded factual allegations, the court must determine whether those facts make it

plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND AND PROCEDURAL HISTORY

    The following facts are gleaned from the amended complaint and public records.[2] In

2014, the Federal Trade Commission brought a civil action in Georgia against Plaintiff, Chris

---

[2] *See Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (courts can "look to public records . . . in deciding a motion to dismiss"); *see also Goel v. Bunge, Ltd.*, 820 F.3d 554, 558-59 (2d Cir. 2016) (noting that courts generally "do not look beyond 'facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of

Lenyszyn, and two businesses (Williams, Scott & Assocs., LLC, and WSA, LLC) for debt collection activity that allegedly violated the Federal Trade Commission Act and the Fair Debt Collection Practices Act. *See FTC v. Lenyszyn*, No. 14-CV-1599 (N.D. Ga. filed May 27, 2014) (the "FTC case").[3] The Georgia court appointed a receiver, and issued an injunction that authorized the receiver to take control over Plaintiff's businesses and assets. (ECF No. 8 ¶¶ 1, 3, 6, 32.)

Also in 2014, Plaintiff, Lenyszyn, other individuals, and Williams, Scott, and Associates, LLC (WSA, LLC), were indicted on charges of conspiracy to commit wire fraud, arising out of debt collection activity occurring within this District.[4] *See United States v. Williams*, No.14-CR-784-2 (S.D.N.Y.) (ECF Nos. 1-3.) Defense counsel moved to dismiss the indictment on a number of grounds, and also moved to suppress evidence on the ground that the affidavit in support of the search warrant "contained a hodge-podge of intentionally false statements, as well as intentionally or recklessly misleading omissions. Absent this false and misleading information, the warrant cannot support a finding of probable cause. The ensuing search was therefore unlawful."[5] (*Id.*, No. 128 at 6.)

---

which judicial notice may be taken'" when deciding a motion under Fed. R. Civ. P. 12(b)(6)) (citing *Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 51 n. 2 (2d Cir. 2016)).

[3] The court entered a default judgment against Plaintiff and denied his motion to vacate that judgment. *See FTC v. Lenyszyn*, No. 14-CV-1599 (N.D. Ga. Apr. 2, 2015), *aff'd*, No. 18-11554-A (11th Cir. Nov. 5, 2018), *recons. denied* (11th Cir. May 29, 2019) (holding that Plaintiff "has offered no meritorious arguments to warrant relief.").

[4] Plaintiff's custody was transferred from Georgia to this District in December 2014. *See United States v. Williams*, No. 14-MJ-1037 (N.D. Ga. Dec. 2, 2014) (ECF No. 33.) Plaintiff was detained from the time of his arrest until his release under supervision.

[5] In follow-up submissions, defense counsel argued that FBI Agent Timothy Brody misled the magistrate judge in Georgia by presenting "misrepresentations of fact involving the debt collection business and, excluding those false facts, the judge did not have probable cause to issue a search warrant." (14-CR-784-2, ECF no. 163.) The allegedly false facts included that "the debt collected by WSA was fraudulent or fictitious." (*Id.* at 3.)

Judge Torres denied the suppression motion on June 6, 2016, and the matter was reassigned to Judge Sullivan on June 28, 2016. (*Id.*, ECF No. 173.) A jury found Plaintiff guilty on July 12, 2016, and he was sentenced to five years in prison and three years of postrelease supervision, credited with time served, and ordered to pay restitution. The Second Circuit affirmed Plaintiff's conviction. *See* No. 16-4186-cr (2d Cir. July 9, 2018) (*See* 14-CR-784-2, ECF Nos. 215, 217.)[6]

Plaintiff's original complaint is dated January 15, 2019. Plaintiff's amended complaint, filed on April 9, 2019, is 113 pages long with attachments, and names 41 defendants, including the United States; employees at the FTC, the FBI, the U.S. Attorney's Office, and the probation department; the Clerks of Court of the Second Circuit, this Court, and the Northern District of Georgia; and the court-appointed receiver in the FTC case and the law firm representing him.[7]

---

[6] The Second Circuit held: (1) the fact that Plaintiff was both criminally prosecuted and the subject of the FTC civil action did not violate double jeopardy; (2) the record belied Plaintiff's claim that his arrest had not been supported by probable cause or a valid warrant; (3) venue for Plaintiff's conviction was proper in this District; (4) Plaintiff's 19-month pretrial detention did not violate due process; (5) jury instructions did not constructively amend the indictment; (6) Plaintiff's sentence was not procedurally unreasonable, and he failed to show that he was similarly situated to his co-defendant for the purpose of raising a sentencing disparity claim; (7) counsel was not ineffective; and (8) the claims in Plaintiff's *pro se* supplemental brief lacked merit. No. 16-4186-cr (2d Cir. July 9, 2018).

[7] Defendants are identified in the amended complaint as: the United States; Preet Bharara (AG Supervisor); George Venizelos (FBI Supervisor); Richard Zabel (DAG Supervisor); Nicole Friedlander (Supervisor AUSA); Sam Olens (AG Supervisor); Sally Yates (AG Supervisor); Richard Frankel (FBI Supervisor); James Comey (FBI Supervisor); Darren Kible (FBI Supervisor); Edith Ramirez (FTC Supervisor); Valerie Verduse (FTC Supervisor); Jessica Rich (FTC Supervisor); Jonathan Nuechterlein (FTC Supervisor); William Effren (FTC Supervisor); Deborah Marrone (FTC Supervisor); Catherine Wolfe (Supervisor COC); Ruby Krajick (Supervisor COC); James Hatten (Supervisor COC); Michael Fuqua (Receiver); Jennifer D. Odom (attorney, Bryan Cave, LLP); Danielle C. Parrington, attorney, Bryan Cave, LLP); Michael S. Lewis (FTC); Frank Franklin (UC); Robin Rock (FTC-AUSA); Marcela Mateo (FTC-AUSA); Jill Jeffries (Probation); Joseph D. Stites (FBI); Patrick Carrol (FBI); Kurt Dirker ((FBI); Timothy Brody (FBI); Brian Comisky (FBI); Kevin Song (AUSA); Jonathan Cohen (AUSA); Benet Kearney (AUSA); Richard Tarlowe (AUSA); Sarah Paul (AUSA); Jennifer Gachiri (AUSA); Daniel Tehrani (AUSA); Jeffrey A. Brown (AUSA); and Laura D. Pfister

The gravamen of Plaintiff's amended complaint is that Defendants, motivated by racial animus, conspired to violate his constitutional rights. Following is a summary of Plaintiff's allegations.

In the summer of 2012, FBI Agent Timothy Brody came to Plaintiff's Georgia home brandishing a firearm. Brody told Plaintiff that "they had been by his office and heard through the door how his employees were talking to their customers." Plaintiff asserts that:

> this matter was something to be handled by the civil courts, so if the customers wanted to sue they had every right to under the FDCPA. The plaintiff then told the FBI to leave his property, this incident started an illegal investigation into the plaintiff's personal life.

(ECF No. 8 ¶¶ 44-45.)

On May 28, 2014, the FBI raided the WSA, LLC office. A district judge in Georgia granted the FTC an injunction authorizing a court-appointed receiver (Fuqua), and the law firm representing him (Bryan Cave LLP) to seize Plaintiff's businesses and funds without giving him an opportunity to respond. (*Id.* ¶¶ 46-47.) The FTC "altered and manipulated documents using white out" to seize $25,000 from WSA Williams, Scott & Associates LLC, a business to which the injunction did not apply. (*Id.* at 49.) According to Plaintiff, "a legitimate and legal search warrant was never obtained by the government." (*Id.* at 7.) Plaintiff asserts that the warrant was unlawful because it was issued in a Georgia miscellaneous case (14-MC-500 (JFK)) that was "not connected to" the criminal case in this Court, that the magistrate judge "never gave consent," and that Plaintiff was not arrested until November 18, 2014.

After the "defendant Supervisors" learned that Plaintiff had "exercised his constitutional right" to open "a few new businesses," they conspired to manufacture a criminal case against

---

(AUSA). (ECF No. 8.) Plaintiff names the individual defendants in their official capacities. (*Id.* at ¶¶4- 43.

him, and they arrested Plaintiff on November 18, 2014, without reasonable suspicion or probable cause "at 5:00 a.m. with a marshals [sic] knee in his back as if he were a slave." (*Id.* ¶¶ 51, 61.)

The FBI conspired with the FTC "by simultaneously attacking him causing confusion, illegally searching and seizing his property with a fake search warrant so he couldn't retain adequate counsel, then manufacturing a criminal and civil case against him." (*Id.* ¶ 48.)

Plaintiff attaches to the amended complaint copies of "fraudulent," "facially invalid," and "fake" documents from the FTC case, the criminal matter before the Georgia magistrate judge, and the criminal case here. (*Id.* at 43-55.) According to Plaintiff, these documents are suspect because they contain blank spaces or are lacking either a signature page or a raised seal. (*Id.* at 62-67.) Plaintiff asserts that his signature was forged on an injunction-related document that was filed in the FTC case, that Northern District of Georgia Judge Janet E. King's signature on various documents is inconsistent and therefore forged, and that Defendants altered the docket sheets of his cases in Georgia, this Court, and the Second Circuit. (*Id.* at 59, 61, 62, 65, 83-94.)

Plaintiff invokes the Court's federal question jurisdiction and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332, and 42 U.S.C. §§ 1983 and 1985. Plaintiff asserts that Defendants violated his rights, and conspired to violate his rights, under the Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments. Plaintiff asserts claims of false imprisonment, wrongful confinement, loss of liberty, abuse of process, cruel and unusual punishment, excessive fines, wrongful pretrial detention with no bail, illegal search and seizure, violations of "warrant order," violations of his right to a speedy trial, the Due Process Clause, and the Double Jeopardy Clause, intentional infliction of emotional distress, and "fraud and deceit tort." Plaintiff alleges that Defendants caused him embarrassment, humiliation, mental pain, and suffering. Plaintiff also

claims that Defendants violated criminal statutes — 18 U.S.C. §§ 2, 1001 — and Federal Rule of Criminal Procedure 4.

In addition, Plaintiff advances an equal protection claim. He asserts that the government arrested him for conduct that was not criminal, and that he was punished more harshly than his co-defendant, Lenyszyn and other similarly situated debt collectors because he is African American and of a different "class." (*Id.* at 79.) He also cites to cases that the FTC filed in this Circuit against white-owned debt collectors, and notes that those cases did not lead to criminal charges. (*Id.* at 11.)

Attached to the original complaint, but not the amended complaint, is an August 2, 2018 letter from the United States Department of Justice denying Plaintiff's request for reconsideration of an administrative tort claim.

> We have reviewed your request for reconsideration of the denial of the administrative tort claim you submitted to the U.S. Department of Justice on May 25, 2018, relative to the alleged acts or omissions of the United States Attorney's Office for the Southern District of New York, The Federal Bureau of Investigation, the Administrative Office of the U.S. Courts, and the Federal Trade Commission occurring in July 2015. After reconsideration, it has been determined that your claim is not compensable. Accordingly, your claim must be and hereby is denied.

(ECF No. 1 at 27.) The letter informs Plaintiff of his right to "file suit in an appropriate United States District Court no later than six months after the date of mailing of this notification." (*Id.*)

Finally, Plaintiff asserts a claim of "actual innocence," and he cites to Federal Rule of Criminal Procedure 52(b), and 28 U.S.C. § 2255. (*Id.* at 2.) He claims that "fatal errors" in his criminal case require "reversal" of his conviction, including the fact that he was charged with conspiracy to commit wire fraud without charging him with committing wire fraud. *Id.* ¶ 8.) Plaintiff informs the Court that a motion to vacate his sentence under 28 U.S.C. § 2255 "is being submitted soon." (*Id.* at 2, 7.)

More recently, Plaintiff has submitted two letters asking the Court to direct the FBI to stop harassing him and his family in Georgia. (ECF No. 11.)

## PRIOR LITIGATION

Plaintiff filed two complaints in the Northern District of Georgia that were dismissed on the merits, and they relate to this matter.[8] In *Supreme Imports LLC v. Fuqua*, No. 16-CV-986 (N.D. Ga. filed Mar. 25, 2016), Plaintiff alleged, among other things, that Fuqua (the receiver) and FBI agent Brody unlawfully raided his Georgia office, and that the defendants conspired to violate his constitutional rights and were motivated by racial animus. The court dismissed the complaint, holding that Plaintiff had failed to state a conspiracy claim, that defendants were immune from suit, and that diversity jurisdiction was lacking. *See* No. 16-CV-986 (N.D. Ga. Dec. 5, 2016) (adopting report and recommendation).

In *WSA Williams Scott & Associates v. Orion Payment Systems*, No. 16-CV-984 (N.D. Ga. filed Mar. 25, 2016), Plaintiff alleged, among other things, that the defendants, including FTC attorneys Rock and Mateo, conspired to violate his constitutional rights, improperly ordered subpoenas, tampered with evidence, forged Plaintiff's signature on documents, and illegally froze his accounts. The court rejected the conspiracy claim, and dismissed the complaint for lack of diversity jurisdiction and on immunity grounds. *Id.* (N.D. Ga. Jan. 23, 2017) (adopting report and recommendation).

---

[8] Other cases that Plaintiff filed in the Northern District of Georgia and in this Court were dismissed without prejudice under the three-strikes provision of § 1915(g).

**DISCUSSION**

**A.     Challenge to Conviction and Sentence**

In the amended complaint, Plaintiff attacks the integrity of his conviction and sentence. Plaintiff asserts that he is actually innocent, that "fatal errors" occurred during the criminal proceedings that require "reversal" of his conviction, and that he plans on filing a motion to vacate the sentence under 28 U.S.C. § 2255.[9] Because Plaintiff intends to file a § 2255 motion, and his time to do so has not expired, the Court declines to construe his amended pleading as seeking relief under § 2255, and will not consider any claims challenging the validity of his conviction or sentence.[10] This is without prejudice to Plaintiff's filing any future submissions under § 2255.[11]

**B.     Claim Arising Out of the FTC Case**

　　1.     Joinder

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, a plaintiff may join multiple defendants in one action if: (A) any right to relief is asserted against them jointly, severally, or, in the alternative, arising out of the same transaction, occurrence, or series of transactions; and

---

[9] In almost all cases, a plaintiff has only one opportunity to bring a § 2255 motion challenging a particular judgment within the applicable limitations period. *See* 28 U.S.C. § 2255(f). Accordingly, courts must grant an opportunity to withdraw an application that is not clearly labeled as a § 2255 motion before recharacterizing it as a § 2255 motion, *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam). A Rule 41(g) motion "that is brought after the criminal proceeding is over is treated as a civil equitable action." *Diaz v. United States*, 517 F.3d 608, 610 (2d Cir. 2008).

[10] Because he is currently on supervised release, Plaintiff remains "in custody" for purposes of a motion for § 2255 relief. *See, e.g., Douglas v. United States*, No. 08-CV-4728, 2009 WL 1322328, at *1 (E.D.N.Y. May 13, 2009).

[11] Plaintiff moved under Federal Rule of Criminal Procedure 41(g) for the return of property. The Court directed the Clerk of Court to open that submission as a new civil action. Thereafter, Plaintiff moved to withdraw that case, and Judge Sullivan dismissed it without prejudice. *See Williams v. United States*, No. 19-CV-5692 (RJS) (S.D.N.Y. July 1, 2019).

(B) any question of law or fact common to all defendants will arise in the action. Although courts have interpreted Rule 20(a)(2) liberally to allow related claims to be tried within a single proceeding, *see Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation" that a plaintiff was injured by all of the defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a), *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Plaintiff has failed to show that his allegations arising from the FTC case are properly joined with his claims arising from his criminal case. Plaintiff attempts to link these two proceedings by alleging that all of the defendants conspired to violate his constitutional rights. But as the United States District Court for the Northern District of Georgia already concluded, Plaintiff does not state a conspiracy claim. *See Supreme Imports LLC v. Fuqua*, No. 16-CV-986 (N.D. Ga. Dec. 5, 2016); *WSA Williams Scott & Associates v. Orion Payment Systems*, No. 16-CV-984 (N.D. Ga. Jan. 23, 2017). Plaintiff's effort to allege a conspiracy that is even more wide-ranging than the one alleged in the Northern District of Georgia cases does not cure that — in fact, it only makes his claims more implausible. Plaintiff's claims arising out of the FTC case in Georgia are therefore not properly joined with his claims arising out of his prosecution in this District.

2.      Venue – Bivens and Federal Tort Claims Act

Plaintiff asserts claims under 42 U.S.C. § 1983. Because Plaintiff alleges that his constitutional rights were violated by federal employees, the Court liberally construes Plaintiff's amended complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014).

Venue for *Bivens* claims is governed by 28 U.S.C. § 1391(b). *See Gonzalez v. Hasty*, 651

F.3d 318, 324 (2d Cir. 2011). Under that statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the
> State in which the district is located; (2) a judicial district in which a substantial part of
> the events or omissions giving rise to the claim occurred, or a substantial part of property
> that is the subject of the action is situated; or (3) if there is no district in which an action
> may otherwise be brought as provided in this section, any judicial district in which any
> defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled.

The Federal Tort Claims Act (FTCA), codified at 28 U.S.C. §§ 1346(b), 2671-80,

provides for a waiver of sovereign immunity for certain claims for monetary damages arising

from the tortious conduct of federal government officers or employees acting within the scope of

their office or employment. *See* 28 U.S.C. § 1346(b)(1). FTCA claims against the United States

"may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or

omission complained of occurred." 28 U.S.C. § 1402(b).

Plaintiff resides in Georgia, the events relating to the FTC case arose in Georgia, and

most of the Defendants named in connection with the FTC case reside in Georgia. Plaintiff fails

to allege facts showing that, in connection with the FTC case, venue is proper in this Court under

§ 1391(b) or the FTCA venue statute.

### C.    Claims Arising in this District[12]

1.    Claims Under Bivens

Plaintiff alleges that his constitutional rights were violated in the course of his criminal

proceedings in this District. A plaintiff may bring *Bivens* claims against a federal official to seek

---

[12] The statute of limitations for a *Bivens* claim is three years, *see Gonzalez v. Hasty*, 802
F.3d 212, 220 (2d Cir. 2015), and such claims accrue when a plaintiff knew or had reason to
know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir.
2013). Under the FTCA, an administrative claim must be filed within two years of the claim's
accrual. 28 U.S.C. §§ 2401(b), 2675(a); *A.Q.C. ex rel Castillo v. United States*, 715 F. Supp. 2d

redress for a violation of his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [42 U.S.C. § 1983].")." But *Bivens* relief is available only against federal officials who are personally liable for the alleged constitutional violations, not against the United States. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017); *Turkmen v. Hasty,* 789 F3d 218, 233 (2d Cir. 2015); *FDIC*, 510 U.S. at 484-86; *Hightower v. United States*, 205 F. Supp. 2d 146, 155 (S.D.N.Y.2002). Further, "*Bivens* claims do not lie against federal employees in their official capacities, because such suits are considered actions against the United States, and are barred by the doctrine of sovereign immunity." *Wright v. Condit*, No. 13-CV-2849, 2015 WL 708607, at *1 (S.D.N.Y. Feb. 18, 2015) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)). Plaintiff therefore cannot pursue his constitutional claims against the United States or against the individual defendants in their official capacities.

Moreover, the Supreme Court has implied a damages remedy against federal employees under *Bivens* in only three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971), (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979), and (3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). Recently, "the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), and a *Bivens* remedy is not available, "where there are

---

452, 457 (2d Cir. 2010) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998)). The Court is not adjudicating Plaintiff's claims on statute of limitations grounds, but notes that the allegations arising from the 2014 search and arrest appear to be untimely. And in light of Plaintiff's litigation history, he would be hard-pressed to show that he was prevented from timely pursuing these claims.

'special factors counselling hesitation in the absence of affirmative action by Congress,'"

*Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (quoting *Carlson*, 446 U.S. at 18).

Under *Ziglar*, therefore, the sole cause of action implicated by the facts that Plaintiff alleges would be a Fourth Amendment claim. But the allegations in the amended complaint fail to give rise to a viable *Bivens* claim. Plaintiff does not provide plausible facts showing that any of the named Defendants were personally involved in violating his Fourth Amendment rights.

Moreover, when a prisoner seeks damages in a *Bivens* action, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the pleading must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Here, Plaintiff is indirectly challenging his convictions by alleging that Defendants conspired against him, an allegation that this Court and the Georgia court has already rejected. Moreover, Plaintiff fails to allege that his conviction has been reversed or called into question in any way by a court authorized to make such determinations. In fact, Plaintiff unsuccessfully challenged the validity of the warrant in his criminal proceedings and on direct appeal.[13]

---

[13] A criminal conviction constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case. *See Abdel-Whab v. Orthopedic Ass'n of Dutchess*, 415 F. Supp. 2d 293, 307 (S.D.N.Y. 2006) (citing *United States v. Podell*, 572 F.2d 31, 35 (3d Cir. 1978)). Plaintiff may be collaterally estopped from asserting any Fourth Amendment claims that have already been litigated. *See Owens v. Treder*, 873 F.2d 604, 606 (2d Cir. 1989) (holding that the doctrine of collateral estoppel "may bar relitigation in a subsequent civil rights action in federal court of an issue that was determined in a state court criminal proceeding"); *Bonilla v. Brancato*, No. 99-CV-10657 (LTS) (JCF), 2002 WL 31093614, at *5 (S.D.N.Y. Sept. 18, 2002) ("A plaintiff's status as a *pro se* litigant does not, by

2.     FTCA Claims

The FTCA confers jurisdiction upon the district courts to hear claims for damages against a federal agency "for injury or loss of property . . . resulting from the negligent or wrongful act[s] or omission[s]" of agency employees in their official capacities. 28 U.S.C. § 2679(b)(1); *see Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994). The statute provides the exclusive remedy to hold the United States liable for the wrongful or negligent acts of its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *See* 28 U.S.C. § 1346(b)(1). Thus, "for liability to arise under the FTCA, a plaintiff's cause of action must be comparable to a cause of action against a private citizen recognized in the jurisdiction where the tort occurred, and [her] allegations, taken as true, must satisfy the necessary elements of that comparable state cause of action." *Akutowicz v. United States*, 859 F.2d 1122, 1125 (2d Cir. 1999) (internal quotation marks and citations omitted). The proper defendant in an FTCA case is "the United States, not individual federal . . . agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015). Accordingly, Plaintiff can only assert FTCA claims against the United States.

Here, although Plaintiff appears to have complied with the FTCA's exhaustion requirement by filing an administrative claim and obtaining a final decision before coming to federal court, *see* 28 U.S.C. § 2675(a), he does not allege any facts suggesting that any defendant has committed an ordinary tort against him. Plaintiff instead brings claims premised on violations of his rights under the Fourth Amendment, and his right to due process and equal

---

itself, preclude barring a claim under the doctrine of collateral estoppel, but it is relevant to a determination of the fairness of his prior opportunity to be heard.").

protection – constitutional tort claims. But the FTCA does not waive the sovereign immunity of the United States for constitutional torts. *FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right. . . . [And] the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999) ("Congress has not waived the government's sovereign immunity, for example, under the Federal Tort Claims Act. . . from lawsuits based on constitutional claims.").

Plaintiff's amended complaint fails because his constitutional claims are not cognizable under the FTCA, and he does not allege facts suggesting that any Defendant committed a tort against him in this District.

### D.    Other Issues

#### 1.    The Business Plaintiffs

A person who is not an attorney may only represent himself in a *pro se* action; he may not represent another entity. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney.") (internal citation omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him. For example, a lay person may not represent a corporation or a partnership . . . .") (citations omitted); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance pro se denotes (in law

latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity.").

Because Plaintiff is not an attorney, the Court dismisses without prejudice his claims on behalf of the business plaintiffs.

2.      Diversity Jurisdiction

Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff indicates in the amended complaint that both he and multiple Defendants reside in Georgia, precluding complete diversity of citizenship. And because Plaintiff does not state any claims falling within the Court's jurisdiction, the Court declines to exercise supplemental jurisdiction over any state-law claims Plaintiff may be asserting. See 28 U.S.C. § 1367(c)(3).

**LEAVE TO AMEND**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. The amended complaint is dismissed for failure to state a claim. 28 U.S.C. § 1915 (e)(2)(B)(ii). The claims arising in Georgia are dismissed without prejudice to any action Plaintiff may file in the Northern District of Georgia.

The Clerk of Court is directed to terminate all pending motions. (ECF Nos. 9, 10.)

The Clerk of Court is also directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 3, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge