UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN T. WILLIAMS, *et al.*,

                Plaintiffs,

-against-

UNITED STATES OF AMERICA, *et al.*,

                Defendants.

19-CV-837 (LLS)

ORDER

---

LOUIS L. STANTON, United States District Judge:

      Plaintiff John T. Williams, a Georgia resident, has filed a number of *pro se* cases in this District and in the United States District Court for the Northern District of Georgia. These cases relate to a criminal proceeding here, *United States v. Williams*, No. 14-CR-0784-2 (RJS) (S.D.N.Y. Dec. 14, 2016), and a Federal Trade Commission (FTC) enforcement action in Georgia, *FTC v. Lenyszyn*, No. 14-CV-1599 (N.D. Ga. filed May 27, 2014). On May 30, 2017, the Northern District of Georgia held that Plaintiff was barred under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) (PLRA), from filing any federal civil action *in forma pauperis* (IFP) while a prisoner unless he is in imminent danger of serious physical injury. *See Williams v. Bank United*, No. 17-CV-1386 (N.D. Ga. May 4, 2017), *report & recommendation adopted*, (N.D. Ga. May 30, 2017) ("the bar order").[1] In light of the bar order, district courts have denied Plaintiff IFP status and dismissed his cases without prejudice to him paying the filing fee.

---

[1] Plaintiff did not appeal that order.

Plaintiff was a prisoner when he filed this *pro se* action, and he sought leave to proceed IFP.[2] On February 7, 2019, Chief Judge McMahon dismissed the complaint, under the bar order, without prejudice to Plaintiff's paying the filing fee. Plaintiff filed a notice of appeal on March 11, 2019, but he withdrew the appeal on March 27, 2019, and paid $400.00 in fees — a $350.00 filing fee plus a $50.00 administrative fee — on April 2, 2019.

On April 3, 2019, the matter was reopened, and on July 3, 2019, Chief Judge McMahon dismissed the amended complaint for failure to state a claim.[3] Plaintiff did not appeal the judgment in this case, but he did file notices of appeal in two other cases in this District.[4]

On January 14, 2020, Plaintiff filed a "Motion to Have Prepayment Filing Fees & Administrative Fees Reimbursed." According to Plaintiff, because of alleged corruption in the federal judiciary, he is entitled to the return of the $400 that he paid to bring this case.[5]

## DISCUSSION

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal *in forma pauperis* [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016) (Congress amended *in forma pauperis statute* to require "prisoners to pay filing fees for the suits or appeals they launch.").

---

[2] At the time of filing, Plaintiff was residing at a residential reentry center, or "halfway house." *See Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (holding that the PLRA "includes within its ambit all facilities in which prisoners are held involuntarily as a result of violating the criminal law" (citing *Witzke v. Femal*, 376 F.3d 744, 753 (7th Cir. 2004) ("[A] correctional institution is a generic term describing prisons, jails, reformatories, and other places of correction and detention."))).

[3] The dismissal order was without prejudice to claims arising in Georgia. (ECF 1:19-CV-837, 16.)

[4] *See Williams v. Bharara*, ECF 1:18-CV-5970, 4 (S.D.N.Y. Dec. 21, 2018); *Williams v. Bharara*, ECF 1:18-CV-5567, 4 (S.D.N.Y. Dec. 21, 2018).

[5] The motion shows a different address than the one on the Court's docket.

Prisoners granted IFP status are permitted to proceed *without prepaying* at the time of filing the complaint the entire $350.00 filing fee, which is instead deducted from the prisoner's account in increments, as set forth in § 1915(b)(1). There is a $50.00 administrative fee for filing a civil action, *see* 28 U.S.C. § 1914(b), Dist. Ct. Miscellaneous Fee Schedule (eff. Dec. 1, 2016), which does not apply to persons granted IFP status under § 1915.

Citing the bar order, the Court denied Plaintiff leave to proceed IFP in this case, and Plaintiff paid the $350 filing fee and the $50 administrative fee. Thereafter, in appeals from other cases, the Second Circuit determined that the Northern District of Georgia's determination was erroneous, and that Plaintiff is in fact not barred under § 1915(g). *See Williams v. Bharara*, 19-247(L), 19-248 (CON) (2d Cir. Mar. 20, 2020). But Plaintiff was a prisoner when he filed this action, and therefore, even if he had been granted IFP status, he would have been required to pay the $350 filing fee in installments. In other words, Plaintiff would not have had to *pre*pay the filing fee, but would have had to pay it over time. *See* 28 U.S.C. § 1915(b)(1). For these reasons, Plaintiff is not entitled to a return of the $350 filing fee. Plaintiff is, however, entitled to a refund of the $50 administrative fee that he would not have been charged had his IFP application been granted.

## CONCLUSION

The Court grants Plaintiff's motion to the extent that he is entitled to the return of the $50 administrative fee.

It appears, however, that Plaintiff's address has changed. Plaintiff's most recent filing to the Court shows an address in Nevada that is different than the Georgia address that is on the docket. The Court will mail this order to the following address: 815 Kiley Parkway, #403, Sparks, Nevada, 89436. Within thirty days from the date of this order, Plaintiff must update his

address with the Court by submitting a change of address. Once Plaintiff confirms that the Nevada address is his current mailing address, the Clerk of Court will issue a check to Plaintiff in the amount of $50 and mail it to him via certified mail. The Clerk of Court is further directed to terminate the motion (ECF 18.)

      This order will be mailed in chambers.

SO ORDERED.

Dated:   May 13, 2020
           New York, New York

*Louis L. Stanton*
           Louis L. Stanton
           U.S.D.J.